Daniel, J.
 

 The Court charged the jury, that the defendant was entitled to his set off, if he established, that the goods were represented and sold by the auctioneer, as the goods of Simpson. And the evidence upon that point, including the advertisement of the auctioneer, was left to the jury; and they found the issue against the defendant. The defendant insisted, that the advertisement concluded the plaintiff to deny, that the goods-when sold, did not belong to Simpson ; as he stated, in the said advertisement. that the}r were, “ his
 
 stock in trade.”
 
 We think with his Honor, that what was said in the advertisement by the auctioneer might be explained, by what was said by him at the time of the sale. All the evidence went to the jury, and they have negatived, that the goods were sold as- the property of Simpson. We think the Judge acted right, in receiving other evidence besides the advertisement, and then leaving it all to. the jury, upon the question, whether the plaintiff sold the goods as the property of Simpson. In England, by Statute, the auctioneer is obliged to send to the excise officer a copy of his advertisement, and an appraised schedule of the property offered for sale, with the names of the owners. All this is intended to check the auctioneer in accounting for the auction taxes. But these regulations are not in force here ; and the rules there established, for the better collection of the revenue, are no part of our law.
 

 We think, that the judgment must be affirmed.
 

 Ter Curiam. Judgment affirmed.